IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30508
Summary Calendar
(95-CV-2109-S)
_____

KRISTIE TRAMONTE,

Plaintiff-Appellee,

versus

CHRYSLER CORP., ET AL.,

Defendant,

CHRYSLER CORP.,

Defendant-Appellant.

_____

98-30510
Summary Calendar
(98-CV-737-S)
_____

KRISTIE A TRAMONTE, ET AL.,

Plaintiffs-Appellees,

versus

CHRYSLER CORP., ET AL.,

Defendant,

CHRYSLER CORP.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
_____

March 31, 1999

Before GARWOOD, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This is a second appeal of the same question raised in Tramonte I, whether Judge Lemmon should have recused herself. See Tramonte v. Chrysler Corp., 36 F.3d 1025 (5th Cir. 1998). In Tramonte I, we vacated Judge Lemmon's order remanding Tramonte's class action suit to state court and remanded the question of recusal to the district court "for proceedings consistent with this opinion." Specifically, we directed Judge Lemmon to provide an adequate record justifying her decision not to recuse herself pursuant to 28 U.S.C. § 455.[1] Chrysler argues that Judge Lemmon

---

[1]Section 455 provides, in pertinent part, the following:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

. . .

    (4) He knows that he, individually or as a fiduciary, or his  spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

    (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

        (I) Is a party to the proceeding, or an officer, director, or trustee of a party;

            (ii) Is acting as a lawyer in the proceeding;

            (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

failed to follow this court's mandate in <u>Tramonte I</u> when she again denied their motion to recuse and remanded the case to state court.

I

On remand, Judge Lemmon provided the following:

> In compliance with the Fifth Circuit Court of Appeals' instructions, I have questioned each of my relatives within the third degree and determined that none has owned a Chrysler vehicle manufactured between 1984 and 1993 which has exhibited flaking paint.

Unfortunately, the disclosure does not cover the entire class period, which is between 1983 and 1994. Chrysler's records show that in December 1983, an M.A. Lemmon purchased a 1984 Dodge wagon. Judge Lemmon has neither confirmed nor denied that she is the same M.A. Lemmon. Therefore, Judge Lemmon's current answer fails to disclose whether she, or any of the relatives she questioned, owns or owned a Chrysler manufactured between **1983 and 1994** which exhibited flaking paint or any particular economic damage related to the vehicle's paint.

II

We VACATE the order remanding this case to state court and REMAND to enable Judge Lemmon to enlarge her previous disclosure with information about the following:

> Considering § 455(b)(4), whether she, her spouse, or minor child residing in her household owns or owned a Chrysler manufactured between 1983 and 1994 which has exhibited flaking paint or any particular economic damage related to the vehicle's paint.

VACATED AND REMANDED WITH INSTRUCTIONS.

---

3